Peter GARDNER, Plaintiff—Appellant,

v.

DISNEYLAND RESORT, A DIVISION OF WALT DISNEY WORLD COMPANY, a/k/a Disneyland; et al., Defendants—Appellees.

No. 03–56348.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 11, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter Gardner, Irvine, CA, pro se.

Daniel F. Fears, Esq., Laura Fleming, Payne & Fears, LLP, Irvine, CA, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Peter Gardner appeals pro se the district court's summary judgment dismissing his action alleging his former employer wrongfully terminated his employment after he was accused of sexually harassing a fellow employee. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003). We affirm.

The district court properly granted summary judgment on Gardner's sexual

harassment claims because he failed to raise a genuine issue of material fact as to whether he was sexually harassed by Ms. Francisco. The uncontroverted evidence showed that Gardner welcomed and actively pursued a relationship with her, and as such, any alleged sexual conduct by Ms. Franscisco is not actionable as a matter of law. *See Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 68, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Moreover, Gardner never filled a complaint with his employer or otherwise took steps to place his employer on notice of any alleged harassment. *See Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

Gardner's employment ended with his voluntary resignation on December 24, 1999. Because he did not file the present action until November 30, 2001, almost two years later, the district court properly granted summary judgment on Gardner's wrongful termination, invasion of privacy, intentional infliction of emotional distress, and defamation claims because they were time-barred. *See* Cal.Civ.Proc.Code § 340 (1999).

Because Gardner failed to exhaust his remedies under his union collective bargaining agreement, the district court properly granted summary judgment on Gardner's breach of contract claim which was preempted by 29 U.S.C. § 185(a) (§ 301 of the Labor Management Relations Act of 1937). *See Del Costello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 169, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.